UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE D. BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUMBERTO GERMAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01873-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE, AS PREMATURE<br><br>[ECF No. 10] |

　　　　Plaintiff Dominique Baker is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On January 9, 2017, the Court struck the original complaint filed on December 15, 2016, for lack of signature.  (ECF No. 1.)

　　　　On February 6, 2017, Plaintiff filed a motion for summary judgment, along with a first amended complaint.

　　　　As stated in the Court's December 16, 2016, First Informational Order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The screening requirement is statutory mandated in this instance and the Court cannot waive such requirement.  Thus, Defendants are not required to file an answer or other pleading in response to Plaintiff's complaint until after the Court has completed its mandatory screening process to determine whether Plaintiff states any cognizable

claims. Furthermore, as stated in the Court's December 16, 2016, order, the Court has an extremely large number of pro se plaintiff civil rights cases pending before it and the Court will screen the complaint in due course.

Plaintiff's motion for summary judgment is premature and must be denied without prejudice. As stated above, the undersigned is required to screen complaints in civil actions in which prisoners seek relief from governmental entities, officers or employees. 28 U.S.C. § 1915A(a). No screening has yet occurred and service of Plaintiff's complaint has not yet been authorized. Should Plaintiff's complaint proceed beyond the screening stage, the Court will order service, and issue an order setting a schedule for discovery and dispositive motions. Thus, at this juncture, dispositive motions such as Plaintiff's motion for summary judgment are premature, and the motion should therefore be denied, without prejudice, to re-filing at the appropriate stage of this litigation.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, filed February 6, 2017, be denied as premature.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 8, 2017**

UNITED STATES MAGISTRATE JUDGE

2