1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    DOMINIQUE D. BAKER,                    )   Case No.: 1:16-cv-01873-AWI-SAB (PC)
                                             )
12                    Plaintiff,             )
                                             )   ORDER REQUIRING PLAINTIFF TO FILE A
13         v.                                )   SECOND AMENDED COMPLAINT OR NOTIFY
                                             )   COURT OF INTENT TO PROCEED ON CLAIM
14    HUMBERTO GERMAN, et al.,               )   FOUND TO BE COGNIZABLE
                                             )
15                    Defendants.            )   [ECF No. 11]
                                             )
16    _____       )

17         Plaintiff Dominique Baker is appearing pro se and in forma pauperis in this civil rights action

18    pursuant to 42 U.S.C. § 1983.  Plaintiff has not consented or declined to United States Magistrate

19    Judge jurisdiction; however, this matter was referred to a United States Magistrate Judge pursuant to

20    28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21         Currently before the Court is Plaintiff's first amended complaint, filed February 6, 2017.

22                                           **I.**

23                              **SCREENING REQUIREMENT**

24         The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part,

25    if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. §

26    1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that

27    the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

28    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

                                             1

statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Walmart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

On April 23, 2011 at 9:00 a.m., Plaintiff was inside his assigned cell at Corcoran State Prison.  Defendant correctional officers Humberto German and Phillip Holguin approached Plaintiff's cell and ordered him to be handcuffed and escorted to the building holding cage in order to receive his medication.  Plaintiff underwent an unclothed body search, and was handcuffed and escorted to the holding cage.  After Plaintiff was un-cuffed, he began exchanging words with Defendants.  While exchanging words, Defendant Humberto German removed his state issued pepper spray canister and began spraying Plaintiff in his face and torso area.  Humberto German continued spraying Plaintiff until the spray canister went empty.  Plaintiff went into shock and was not able to see and breathe.  Plaintiff then heard Defendant German order Defendant Phillip Holguin to pepper spray Plaintiff.  Phillip Holguin began spraying Plaintiff while he stood holding the steel bars, and he continued to spray Plaintiff until the canister was empty.

Plaintiff was examined by a nurse and sustained serious injuries to his eyes and a chemical reaction to his skin.

2

After this incident, Plaintiff did not talk with the prison arresting agency.  Plaintiff was held inside a holding cage and there was no investigative service unit at the scene to take photographs or advise Plaintiff of his Miranda rights.  Plaintiff was never asked to make a statement regarding the incident.

Defendants Humberto German and Phillip Holguin wrote false reports claiming that Plaintiff grabbed German's wrist while inside the holding cage.

Months later, Plaintiff awake to prison officials ordering him to get dressed for Court regarding the incident on April 23, 2011, with Humberto German and Phillip Holguin.  Plaintiff was taken to Kings County Superior Court and charged with a violation of California Penal Code section 4501.5 (battery by a prisoner on non-confined person).  Plaintiff was ultimately found guilty of battery and sentenced to a consecutive term of 27 years-to-life.

## III.

## DISCUSSION

### A.    Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Assuming the validity of Plaintiff's allegations set forth in the first amended complaint, as this Court must at the pleading stage, Plaintiff states a cognizable claim for excessive force against

3

Defendants Humberto German and Phillip Holguin for use of pepper spray when none was allegedly necessary and in excess of what, if any, was required.

### B.    Supervisory Liability

Plaintiff names Susan Hubbard, Warden at Corcoran State Prison as a Defendant in the caption of the complaint.  However, Plaintiff fails to set forth any allegations that give rise to a viable constitutional claim against Defendant Hubbard.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Hubbard.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

### C.    False Charges and Related Claims

Plaintiff alleges that Defendants Humberto German and Phillip Holguin issued a false report which lead to state criminal charges.  However, the issuance of a false charge does not, in and of itself, support a claim under section 1983.  See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D.Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST

(PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing <u>Chavira v. Rankin</u>, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); <u>Johnson v. Felker</u>, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D.Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989) and <u>Freeman v. Rideout</u>, 808 F.2d 949, 951-53 (2d. Cir. 1986)).  While Plaintiff may not be deprived of a protected liberty interest without the protections he is due under federal law, Plaintiff was afforded the process he was due with respect to the charge of battery on a peace officer as a criminal trial was held in the Kings County Superior Court.

To the extent Plaintiff seeks to challenge his conviction for battery on a peace officer, Plaintiff must do so by way of 28 U.S.C. § 2254.[1]  Further, to the extent Plaintiff seeks monetary damages and challenges the sufficiency his imprisonment, prosecution and battery conviction his claims are barred by the favorable termination rule set forth in <u>Heck v. Humphrey, 512 U.S. 477 (1994)</u>.  The Supreme Court has held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a section 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.  <u>Id.</u> at 486-487.  The Supreme Court instructed courts faced with prisoner section 1983 suits to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  <u>Id.</u> at 487.  The <u>Heck</u> bar exists to preserve the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by petition for writ of habeas corpus.  <u>Muhammad v. Close</u>, 540 U.S. 749, 750-751 (2004); <u>see also</u>

---

[1] A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), quoting, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Guerrero v. Gates, 422 F.3d 697, 703 (9th Cir. 2006) (Heck barred Plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred Plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred Plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).  Accordingly, Plaintiff fails to state any cognizable claims based on the alleged false charge of battery.

### D.    False Imprisonment

The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" Young v. County of Los Angeles, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting Easton v. Sutter Coast Hospital, 80 Cal.App.4th 485, 496 (Ct. App. 2000)).

Plaintiff's claim for false imprisonment would require a showing that his conviction of battery on a prison guard under California Penal Code section 4501.5 is invalid.  Because Plaintiff's false imprisonment claim will necessarily affect the validity of his conviction, the claim must be dismissed. See Jaa v. City of Dublin, No. 14-cv-03260-WHO, 2015 WL 1967344, *3 (N.D. Cal. Apr. 30, 2015).

### E.    Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

6

1    Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

2  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

3  2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

4  prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To

5  maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately

6  indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847; Thomas v.

7  Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir.

8  2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th

9  Cir. 1998).

10    Plaintiff contends that he was subjected to cruel and unusual punishment in violation of the

11  Eighth Amendment and references the fact that when he was placed in a mental-health observation

12  cell, it was extremely filthy and smelled of urine/feces.  Plaintiff's contentions fail to give rise to a

13  claim under the Eighth Amendment for cruel and unusual punishment based on the conditions within

14  his prison cell.

15    **F.    Equal Protection Clause**

16    The Equal Protection Clause requires that persons who are similarly situated be treated alike.

17  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California

18  Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021,

19  1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff

20  must show that Defendants intentionally discriminated against him based on his membership in a

21  protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d

22  1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

23    Although Plaintiff references a violation of the Equal Protection Clause, Plaintiff fails to set

24  forth sufficient factual information to support a viable claim.  Accordingly, Plaintiff fails to state a

25  cognizable claim under the Equal Protection Clause.

26  ///

27  ///

28  ///

G.      **Violations of State Criminal Statutes**

Plaintiff repeatedly makes references to various violations of the California Penal Code.

A private right of action under a criminal statute has rarely been implied.  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Id. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975); see also Sohal v. City of Merced Police Dep't, No. 1:09-cv-0160-AWI-DLB, 2009 WL 961465, * (E.D. Cal. Apr. 8, 2009) ("[t]his court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action").  The Court has reviewed the California Penal Code sections and can find no indication of a private right of action.   Accordingly, Plaintiff's complaint fails to state a claim for violations of the California Penal Code.

**III.**

**CONCLUSION AND ORDER**

Plaintiff's complaint states a cognizable claim against Defendants Humberto German and Phillip Holguin for excessive force in violation of the Eighth Amendment.  Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim under the Eighth Amendment against Defendants Humberto German and Phillip Holguin, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims and Defendants, and will forward Plaintiff two (2) summons and two (2) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

2.    Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Humberto German and Phillip Holguin for excessive force in violation of the Eighth Amendment; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **April 6, 2017**

UNITED STATES MAGISTRATE JUDGE

10