# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE D. BAKER,<br><br>      Plaintiff,<br><br>   v.<br><br>HUMBERTO GERMAN, et al.,<br><br>      Defendants. | Case No.: 1:16-cv-01873-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON PLAINTIFF'S CLAIM OF EXCESSIVE FORCE AGAINST DEFENDANTS HUMBERTO GERMAN AND PHILLIP HOLGUIN AND DISMISSING WRONGFUL IMPRISONMENT CLAIM<br><br>[ECF No. 18] |

Plaintiff Dominique Baker is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is the April 24, 2017, second amended complaint.

## I.

## PROCEDURAL HISTORY

Plaintiff filed the original complaint in this action on December 15, 2016 (ECF No. 1) and a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a) on February 6, 2017 (ECF No. 11.) On April 6, 2017, the Court screened the first amended complaint and found that Plaintiff stated a cognizable claim for excessive force against Defendants Humberto German and Phillip Holguin. However, the Court found that Plaintiff failed to state a cognizable claim for false allegations, failure to supervise, false imprisonment, cruel and unusual punishment, and equal

1

protection violation.  (ECF No. 15.)  The Court granted Plaintiff the option of either filing a second amended complaint or notifying the Court of his intent to proceed only on the claim of excessive force.  On April 24, 2017, Plaintiff filed the second amended complaint that is now before the Court. (ECF No. 18.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Walmart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678.

## III.

## COMPLAINT ALLEGATIONS

On April 23, 2011, at 9:00 a.m., Plaintiff was inside his assigned cell at Corcoran State Prison. Officers Humberto German and Phillip Holguin approached Plaintiff's cell and ordered him to be

"handcuffed" and escorted Plaintiff to the building holding cage.  Plaintiff underwent an unclothed body search and was then handcuffed and escorted to the holding case.  After being uncuffed, Plaintiff exchanged words with Defendants German and Holguin.  Defendant Humberto German removed his state issued pepper spray canister and began spraying Plaintiff in the face and torso.  Plaintiff went into shock and was not able to see and breathe.  Plaintiff then heard Defendant Humberto German order Phillip Holguin to pepper spray the Plaintiff.  Both Defendants pepper sprayed Plaintiff until the canisters were empty.  Plaintiff did not talk with the prison arresting agency, no photographs were taken, nor was he advised of his <u>Miranda</u> rights.

Plaintiff contends that the State is responsible for his illegal arrest and wrongful imprisonment. Both Defendants should have known that the arrest of Plaintiff was illegal and he was deprived of due process of the law.

**IV.**

**DISCUSSION**

**A.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37 (2010) (per curiam) (citing <u>Hudson</u>, 503 U.S. at 7) (internal quotation marks omitted); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, <u>Hudson</u>, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, <u>Wilkins</u>, 559 U.S. at 37-8 (citing <u>Hudson</u>, 503 U.S. at 9-10) (quotation marks omitted); <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002).

Assuming the validity of Plaintiff's allegations set forth in the second amended complaint, as this Court must at the pleading stage, Plaintiff states a cognizable claim for excessive force against

3

1  Defendants Humberto German and Phillip Holguin for use of pepper spray when none was allegedly

2  necessary and in excess of what, if any, was required.

3       **B.     False Imprisonment**

4       The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a

5  person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'"

6  <u>Young v. County of Los Angeles</u>, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting <u>Easton v. Sutter Coast</u>

7  <u>Hospital</u>, 80 Cal.App.4th 485, 496 (Ct. App. 2000)).

8       Plaintiff's second amended complaint omits a large majority of the factual allegations and

9  claims for relief set forth in the first amended complaint.  However, Plaintiff cannot omit prior factual

10 allegations in an attempt to state a claim.  In the first amended complaint, Plaintiff declared, under

11 penalty of perjury, that months after the incident, he was taken to Kings County Superior Court and

12 charged with a violation of California Penal Code section 4501.5 (battery by a prisoner on non-

13 confined person).  Plaintiff was ultimately found guilty of battery and sentenced to a consecutive term

14 of 27 years-to-life.  (First Am. Compl. at 5; ECF No. 11.)

15      Thus, Plaintiff's claim for false imprisonment would require a showing that his conviction of

16 battery on a prison guard under California Penal Code section 4501.5 is invalid.  Because Plaintiff's

17 false imprisonment claim will necessarily affect the validity of his conviction, the claim must be

18 dismissed.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994) (unless and until the favorable

19 termination of the conviction or sentence occurs, no cause of action under § 1983 exists); <u>Jaa v. City</u>

20 <u>of Dublin</u>, No. 14-cv-03260-WHO, 2015 WL 1967344, *3 (N.D. Cal. Apr. 30, 2015).

21                                                   **IV.**

22              **CONCLUSION AND RECOMMENDATIONS**

23      Plaintiff states a cognizable claim against Defendants Humberto German and Phillip Holguin

24 for excessive force in violation of the Eighth Amendment on April 23, 2011.  However, Plaintiff fails

25 to state a cognizable claim for relief for false imprisonment, and Plaintiff was previously notified of

26 the applicable legal standard and the deficiencies in his pleading.  The second amended complaint has

27 raised no new facts that give rise to a claim for relief.  Therefore, based upon the allegations in

28 Plaintiff's first and second amended complaints, the Court is persuaded that Plaintiff is unable to

allege any additional facts that would support a claim for false imprisonment. See <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th. Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1.     This action proceed on the April 24, 2017, second amended complaint against Defendants Humberto German and Phillip Holguin for excessive force in violation of the Eighth Amendment on April 23, 2011; and

2.     Plaintiff's false imprisonment claim be dismissed, without prejudice, for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**April 28, 2017**__

UNITED STATES MAGISTRATE JUDGE

5