**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMINIQUE D. BAKER,<br><br>    Plaintiff,<br><br>  v.<br><br>HUMBERTO GERMAN, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01873-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[ECF No. 24] |

Plaintiff Dominique Baker is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 14, 2017, the Court issued an order finding Plaintiff's second amended complaint stated a cognizable claim for excessive force against Defendants Humberto German and Phillip Holguin.  The Court forwarded Plaintiff the necessary service of process forms for completion and return within thirty days.  Over thirty days have passed and Plaintiff has not submitted the necessary service of process forms or otherwise responded to the Court's order.[1]  The Court's order specifically stated that the failure to comply with the order would result in dismissal of the action.  (ECF No. 24.)

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

---

[1] The Court's docket reflects that the June 14, 2017, was returned by the United States Postal Office as undeliverable.

1

the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted).  Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ."  Pagtalunan, 291 F.3d at 642 (citation and internal quotation marks omitted).

Having considered the above factors, and in light of Plaintiff's failure to submit the necessary service documents as directed, the Court finds that dismissal of this action is appropriate.

Accordingly, the Court HEREBY RECOMMENDS this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 19, 2017**

UNITED STATES MAGISTRATE JUDGE