UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE D. BAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUMBERTO GERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01873-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>[ECF No. 39] |

Plaintiff Dominique Baker is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed on December 1, 2017.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Humberto German and Phillip Holguin for excessive force in violation of the Eighth Amendment.

On December 1, 2017, Defendants filed a motion to dismiss the action as barred by the statute of limitations and for failure to exhaust the administrative remedies. (ECF No. 39.) On this same date, Defendants also filed a request for judicial notice. (ECF No. 38.) Plaintiff filed an opposition on December 14, 2017, and Defendants filed a reply on December 21, 2017. (ECF Nos. 41, 42.)

1

On December 11, 2017, Plaintiff filed a motion for summary judgment on the merits of his claims. (ECF No. 40.) On December 26, 2017, Defendants filed a request to staying the filing of the filing of an opposition to Plaintiff's motion for summary judgment until a ruling on the motion to dismiss is issued. (ECF No. 43.)

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III.

## DISCUSSION

**A.  Summary of Plaintiff's Second Amended Complaint**

On April 23, 2011, at 9:00 a.m., Plaintiff was inside his assigned cell at Corcoran State Prison. Officers Humberto German and Phillip Holguin approached Plaintiff's cell and ordered him to be

2

1 "handcuffed" and escorted Plaintiff to the building holding cage. Plaintiff underwent an unclothed body search and was then handcuffed and escorted to the holding case. After being uncuffed, Plaintiff exchanged words with Defendants German and Holguin. Defendant Humberto German removed his state issued pepper spray canister and began spraying Plaintiff in the face and torso. Plaintiff went into shock and was not able to see and breathe. Plaintiff then heard Defendant Humberto German order Phillip Holguin to pepper spray the Plaintiff. Both Defendants pepper sprayed Plaintiff until the canisters were empty.

### B. Request for Judicial Notice

Defendants request the Court take judicial notice of the following documents from the case of People v. Dominique Baker (Cal. Super. Ct. No. 11CM7514, filed Sept. 8, 2011): 1) Exhibit A is a true and correct copy of the "Declaration for Release and Transportation of Prison and Order," dated September 20, 2011; 2) Exhibit B is a true and correct copy of a Minute Order, dated September 29, 2011; 3) Exhibit C is a true and correct copy of the Information, dated November 7, 2011; 4) Exhibit D is a true and correct copy of the "State Inmate Prison Report" (i.e. probation officers' report), dated July 11, 2012; 5) Exhibit E is a true and correct copy of a Minute Order, dated July 25, 2012; 6) Exhibit F is a true and correct copy of the "Abstract of Judgment – Prison Commitment – Indeterminate" (Judicial Council Form CR-292), endorsed by Kings County on July 26, 2012. (Exs A-F, at RJN.001-027, ECF No. 38.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802

3

n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

The Court takes judicial notice of the Exhibits A through F by Defendant as such documents are appropriate for judicial notice. (Exs A-F, at RJN.001-027, ECF No. 38.)

### C. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. California's equitable tolling statute applies to both prisoners and civil detainees. Id. Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Accordingly, the statute of limitations in this case would be tolled for no more than two years. Moreno v. Thomas, 490 F.Supp.2d 1055, 1061 (C.D. Cal. 2007). For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." Hsu v. Mt. Zion Hospital, 259 Cal.App.2d 562, 571 (1968).

Here, Plaintiff's claim accrued on April 23, 2011-the date of the incident. Plaintiff therefore had four years from April 23, 2011, to file his action, i.e. April 23, 2015. However, Plaintiff did not file the instant action until December 15, 2016-one year and seven months after the statute of limitations expired on April 23, 2015.

In opposition, Plaintiff argues that the statute of limitations began on April 18, 2016, the date after Plaintiff's earliest possible release date. Plaintiff is incorrect. Plaintiff cannot invoke tolling of the limitations period based on his belief that he was going to be released on a certain date but was not. See TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) (claims accrued when plaintiff knew or had reason to know of his injury); Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996). Here, Plaintiff is proceeding on an Eighth Amendment claim for excessive force, therefore his claim accrued on April 23, 2011-the date Defendants alleged used excessive force on him.[1]

1. Additional Tolling Under California Government Code Section 945.3

California Government Code section 945.3 prevents the criminally accused from suing peace officers, in state court, for conduct related to the offense for which they have been charged while charges are pending. Cal. Gov't Code § 945.3. This section contains a built-in tolling provision that automatically tolls the statute of limitations while the charges are pending. Id. Although section 945.3's claim-bar provision does not apply in federal court, its tolling provision can. Harding v. Galceran, 889 F.2d 906, 909 (9th Cir. 1989). "Under section 945.3, 'criminal charges are "pending" until the date of judgment." Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (citing McAlpine v. Superior Court, 209 Cal.App.3d 1, 3 (1989)).

Here, criminal charges were filed against Plaintiff on or about September 8, 2011 for battery on a non-confined person (Cal. Pen. Code § 4501.5). (Defs.' Req. Jud. Not., Ex. A at RJN.002; Ex. B at RJN.006.) Plaintiff was charged of committing a battery on "Officer German" on April 23, 2011. (Id., Ex. C at RJN.010; Ex. D at RJN.015; see also Pl.'s Mot. Summ. J., ECF No. 10 at 32-33.) Plaintiff was convicted by a jury on June 27, 2012. (Defs.' Req. Jud. Not., Ex. F at RJN.026; Ex. D at RJN.014; see also Pl.'s Mot. Summ. J., ECF No. 10 at 30.) On July 25, 2012, Plaintiff was sentenced to twenty-five-years-to-life (Defs.' Req. Jud. Not., Ex. E at RJN.023-025), and the Abstract of Judgment was entered on July 26, 2012 (Ex. F at RJN.026-27; see also Pl.'s Mot. Summ. J., ECF No. 10 at 30.)

---

[1] Defendants correctly point out that Plaintiff is not proceeding on a claim for false imprisonment based on his criminal conviction for battering Defendant German as that claim was dismissed on June 9, 2017. (ECF No. 23.)

5

Pursuant to section 945.3, Plaintiff was entitled to tolling from September 29, 2011 (the date he was arraigned) until no later than July 25, 2012 (the date he was sentenced)—totaling 300 days, or approximately ten months. However, during this period of time Plaintiff was already benefiting from the two-year tolling provision under California Civil Code section 352.1 Therefore, because the ten-month period under California Government Code section 945.3 is shorter than the two-year period provided under section 352.1, it is subsumed into section 352.1's tolling period and does not apply. Pedroza v. Pham, No. 12-CV-01341-JST (PR), 2014 WL 1389426, at *3 (N.D. Cal. Apr. 9, 2014) (collecting cases); Porter v. Los Angeles County, No. CV 15-5646 PA (AJW), 2016 WL 8732091, at *6 (C.D. Aug. 9, 2016); but see Adler v. Sullivan, No. 1:10-cv-01269-AWI-SKO, 2013 WL 3481584, at *4 (E.D. Cal. July 10, 2013), report and recommendation adopted, 2013 WL 5946168 (E.D. Cal. Nov. 6, 2013) (if two tolling provisions became active during entirely separate periods, each should count separately in tolling the statute of limitations). Nonetheless, irrespective of whether Plaintiff is entitled to tack on the tolling under Civil Code section 352.1 (two years) and Government Code section 945.3 (ten months), his claim is still untimely.[2]

2. Tolling for Exhaustion of Administrative Remedies

The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03.

---

[2] Under this scenario, Plaintiff had four years and ten months to the action; two years under the statute of limitations (Cal. Civ. Proc. Code § 335.1), two years tolling for incarceration (Cal. Civ. Proc. Code § 352.1), and then ten months tolling for pending criminal charges (Cal. Gov't Code § 945.3). However, Plaintiff filed the instant action five years and seven months after the incident. Accordingly, even if the tolling under section 945.3 is applied subsequently to the other tolling, the instant action is still untimely.

6

Defendants argue that Plaintiff is not entitled to exhaustion-based tolling because his appeal was cancelled for untimeliness. (Pl.'s Mot. Summ. J., ECF No. 10 at 39; see also Pl.'s Sec. Amd. Comp., ECF No. 18 at 2.) Defendants are correct. Plaintiff is not entitled to exhaustion-based tolling because his appeal was cancelled as untimely. (Pl.'s Mot. Summ. J., ECF No. 10 at 39; see also Pl.'s Sec. Amd. Compl., ECF No. 18 at 2.) Despite the fact that the incident alleged in the complaint took place on April 23, 2011, Plaintiff did not file his grievance until September 19, 2014. (Id.) CDCR regulations in place in 2011 provided that an inmate must submit his grievance within fifteen working days of the event being appealed. (Cal. Code Regs., tit. 15, § 3084.6(c) (2011).) Thus, Plaintiff's grievance filed in September 2014 was over three years late. Therefore, CSP-COR's Appeals Office properly cancelled Plaintiff's grievance as untimely under California Code of Regulations, Title 15, section 3084.6(c)(4) (2014), finding that Plaintiff "had the opportunity to submit within the prescribed time complaints."[3] Accordingly, Plaintiff is not entitled to additional tolling for attempting to exhaust the administrative remedies. In any event, even if Plaintiff were entitled to tolling (from September 19, 2014 to September 25, 2014), the instant action would still be time barred, because Plaintiff filed the instant action five years and seven months after the incident.

3.  Equitable Tolling Under California Law

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice,

---

[3] Section 3084.6(c)(4) (2014) allows an Appeals Coordinator to cancel a grievance if the "[t]ime limits for submitting the appeal are exceeded even though the inmate … had the opportunity to submit within the prescribed time constraints." Section 3084.6(c)(4) (2014), relied upon by the Appeals Coordinator in 2014, is substantially the same rule as section 3084.3(c)(6) in the 2011 regulations. See Cal. Code Regs., tit. 15 § 3084.3(c)(6) ("Time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints.").

7

lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at 101-103.

### a. Alternative Remedy to Provide Timely Notice

The Court must initially determine whether Plaintiff has pursued an alternative remedy in another forum "designed to lessen the extent of his injuries or damage," and whether that alternative remedy gave timely notice to Defendants of Plaintiff's claim. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). Notably, the "timely notice" element "requires that the plaintiff have filed the first claim within the statutory period." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1138 (9th Cir. 2001).

#### (1) Administrative Grievance

"[B]ecause the Ninth Circuit independently provides equitable tolling in prisoner cases for the time the inmate is exhausting his administrative remedies as required by the Prison Litigation Reform Act[,]" Plaintiff is not entitled to "double-count" the time he spent attempting to exhaust his administrative remedies to equitable toll the limitations period. See Akhtar v. Mesa, No. 2:09-CV-2733-MCE-AC, 2014 WL 1922576, at *7 (E.D. Cal. May 14, 2014) (citing Brown, 422 F.3d at 942-43), report and recommendation adopted, 2014 WL 2895236 (E.D. Cal. June 25, 2014).

#### (2) Complaints to the Police Department

Plaintiff contends that he submitted "complaints to [the] Hanford Police Department." (Pl.'s Sec. Amd. Compl., ECF No. 18 at 2.) On or about June 26, 2016, Plaintiff mailed a letter to the Corcoran Police Department-over five years after the incident. (Pl.'s Mot. Summ. J., ECF No. 10 at 38.) The Corcoran Police Department forwarded Plaintiff's letter back to CSP-COR and to the Office of Internal Affairs, and Associate Warden T. Campbell responded to Plaintiff's letter on July 27, 2016. (Id.) Associate Warden Campbell reviewed Plaintiff's letter, and noted that the incident had already been reviewed and that Plaintiff had received a disciplinary hearing for the incident. (Id.) Plaintiff's complaint to the Corcoran Police Department does not equitably toll the statute of limitations because it was not filed within the statutory period. Daviton, 241 F.3d at 1138. Indeed, Plaintiff mailed his letter to the police department over five years after the incident.

///

8

### b. Prejudice to Defendants

Even assuming Plaintiff provided timely notice to Defendants under the first prong of California's equitable tolling doctrine, he is still not entitled to equitable tolling because he cannot satisfy prong two: lack of prejudice to Defendants. Defendants submit that because the subject incident took place over six-and-a-half years ago, it is reasonable to infer that they have been prejudiced by the passage of such time. Cf. Jones v. Blanas, 393 F.3d at 928 ("Fairness to the defendant requires that a case be brought when memories have not been affected by time, when all pertinent witnesses can still be called, and when physical evidence has not been destroyed or dispersed.") Further, although Defendants conducted an investigation into the matter shortly after it occurred (Pl.'s Mot. Summ. J., ECF No. 10 at 13-28), that does not mean they were on notice that they may later be sued for damages). Cf. Read v. Rydingsword, 110 F.3d 69 (9th Cir. 1997) (county officials' mere participation in an administrative action filed by the plaintiff against the county did not put them on notice that they might later be sued for damages).

### c. Lack of Good Faith

Assuming Plaintiff is entitled to all of the potential tolling periods to which he could hypothetically be entitled—Civil Code section 352.1 (two years), Government Code section 945.3 (ten months), exhaustion-based tolling (seven days), and equitable tolling for sending letter to the Corcoran Police Department (thirty-one days)—the instant action would still be untimely by over eight months.[4] Thus, Plaintiff has not filed the action in good faith. Cf. Ervin v. County of Los Angeles, 848 F.2d 1018, 1020 (9th Cir. 1988) (waiting a year-and-a-half to file a federal civil rights claim, after a state claim, was unreasonable and not in good faith).

///
///
///
///

---

[4] Under this scenario, Plaintiff would have had until approximately April 2, 2016, to file the action. However, he did not file the instant action until December 15, 2016. (ECF No. 1.)

9

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the instant action as untimely be granted;[5]

2. Plaintiff's motion for summary judgment on the merits of his claims (ECF No. 40) and Defendants' motion to stay ruling on the motion (ECF No. 43) be denied as rendered moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 3, 2018**__

UNITED STATES MAGISTRATE JUDGE

---

[5] Because it is recommended that the action be dismissed as barred by the statute of limitations, the Court will not and need not address Defendants' alternative argument regarding failure to exhaust the administrative remedies.